IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAMIRO MARTINEZ (TDCJ No. 1748009), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-3408-P-BN |
| TRIAL COURT JUDGES, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case, severed from an action ostensibly filed by one Texas inmate on behalf of fellow inmates, has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Jorge A. Solis. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons to be explained, the Court should dismiss this case without prejudice for Plaintiff Ramiro Martinez's failure to prosecute.

**Background**

This case was opened based on the complaint submitted in *Oliver v. Trial Court Judges, et al.*, No. 3:15-cv-2962-P (N.D. Tex.). A copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (the "FCR") entered in that case was sent to Plaintiff. The Court then accepted that FCR, entered judgment dismissing the individual claims of Plaintiff Claude J. Oliver with prejudice, and

severed the claims that Oliver appeared to submit on behalf of fellow inmates –including Plaintiff – into separate actions, one for each inmate/plaintiff.

After each individual action was opened on October 21, 2015, the undersigned entered a notice of deficiency and order on October 26, 2015, to inform each plaintiff that:

> This is now your individual action. You may choose to prosecute it yourself; you may choose to inform the Court that you do not wish to prosecute this action; or you may choose to do nothing, and the Court will dismiss your action without prejudice for failure to prosecute.
> If you choose to prosecute this action yourself, you must do the following by **November 30, 2015**: (1) submit a signed complaint and (2) submit a request to proceed *in forma pauperis* ("IFP") containing sufficient information to determine wether IFP status is appropriate along with a verified/signed certificate of inmate trust account. The Clerk of Court will provide you both forms along with this order. If you elect to prosecute this action by submitting a signed complaint and IFP motion, you will be responsible for paying the full filing fee even if you later choose to voluntarily dismiss this action. *See, e.g., Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam).
> If you choose not to prosecute this action yourself, you may submit a notice to the Court by **November 30, 2015** stating so. *See* FED. R. CIV. P. 41(a)(1)(A) (subject to some exceptions, "the plaintiff may dismiss an action without a court order by filing: ... (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). Or you may do nothing. If you do nothing, the undersigned magistrate judge will recommend that your action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dkt. No. 5 at 1-2.

It is now more than one month since the November 2015 deadline and more than two months since the Court issued the notice of deficiency, and Plaintiff has not responded or otherwise contacted the Court. Thus, it appears that he has elected "to do nothing, and[, by doing so, has submitted to] the Court dismiss[ing his] action

without prejudice for failure to prosecute."

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to the notice of deficiency, Plaintiff has prevented this action from proceeding and, therefore, he has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances – particularly because the Court warned each plaintiff that he "may choose to do nothing, and the Court will dismiss [his] action without prejudice for failure to prosecute," and because two other plaintiffs have elected to voluntarily dismiss their actions, *see Mask v. Trial Court Judges*, No. 3:15-cv-3410-P-BN (N.D. Tex.); *McNeil v. Trial Court Judges*, No. 3:15-cv-3399-P-BN (N.D. Tex.).

The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff responds to the Court's notice of deficiency, the Court should refer this action back to the undersigned for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 6, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE